UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ROLAND H. SIMON; CARLOS R. AYERS; EARL RICHARD BROWNLEE, II; and JAN MAIN THOMAS,<br><br>        Plaintiff,<br>v.<br><br>REGAL INVESTMENT ADVISORS LLC; JAMES MARTIN BARNES; JOHN A. KAILUNAS, II; BRIAN YARCH; JAMES C. TASSONI; and JOHN AND JANE DOE,<br><br>        Defendants. | Case No.: _____ |

## NOTICE OF REMOVAL

Notice is hereby given that Defendants Regal Investment Advisors LLC ("RIA"), John A. Kailunas, II ("Kailunas"), Brian Yarch ("Yarch"), James C. Tassoni ("Tassoni") (collectively, the "Regal Defendants"), pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, hereby remove the action styled as *Roland H. Smith, et al. v. Regal Investment Advisors LLC, et al.*, Case No. CL16-824, filed in the Circuit Court for Albemarle County, Virginia (the "State Court Action"), to the United States District Court for the Western District of Virginia, Charlottesville Division. In support of removal, the Regal Defendants state as follows:

### INTRODUCTION

1. The Regal Defendants respectfully submit that this Court has jurisdiction over this civil action under two independent bases.

2. First, the Regal Defendants remove the State Court Action based on this Court's original federal question jurisdiction, *see* 28 U.S.C. § 1331, because two counts arise under the Federal Securities Exchange Act of 1934. As to the remaining counts, the Regal Defendants

submit that this Court has supplemental jurisdiction because such counts are so related to Plaintiffs' federal claims that they form part of the same case or controversy between the parties. *See* 28 U.S.C. § 1367(a).

3. Second, the Regal Defendants remove the State Court Action based on this Court's original diversity jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. §§ 1332(a)(1), 1441(a).

## BACKGROUND

4. Plaintiffs Roland H. Simon ("Simon"), Carlos R. Ayers ("Ayers"), Earl Richard Brownlee, II ("Brownlee"), and Jan Main Thomas ("Thomas") (collectively, the "Plaintiffs") initiated the State Court Action on or about November 17, 2016.

5. In compliance with 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon the Regal Defendants is attached hereto as **Exhibit ("Ex.") A**.

## TIMELINESS OF REMOVAL AND VENUE

6. Defendants were served via substituted service through the Secretary of the Commonwealth, who sent copies of the initial Complaint and summons via mail on or about December 1, 2016.

7. Defendants received copies of the initial Complaint and summons on or about December 6, 2016. That same day or shortly thereafter, the remaining Regal Defendants, Kailunas, Yarch, and Tassoni also received copies of the initial Complaint and summons.

8. No defendant has yet filed an answer or other response to the Complaint.

9. The removal of the State Court Action is timely because, pursuant to federal removal procedure, this Notice of Removal has been filed "within 30 days after the receipt by the

defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. § 1446(b)(1).

10. This Court is the proper venue for removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the jurisdiction where the State Court Action was filed and is pending.

## FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

11. Under Count VII of the Complaint, Plaintiffs claim that Co-Defendant James Martin Barnes ("Barnes") violated "Section 10(b) of the [Securities Exchange Act of 1934] and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5." **Ex. A**, Compl. at ¶ 150. Plaintiffs also contend that Defendant RIA is derivatively liable for Barnes' alleged violations. *See id.* at ¶ 157.

12. Under Count IX of the Complaint, Plaintiffs claim that Defendants Kailunas, Yarch, and Tassoni "are liable pursuant to Section 20(a) of the [Securities Exchange Act of 1934] for the violations committed by Mr. Barnes." *See id.* at ¶ 171.

13. The Court may exercise supplemental jurisdiction over Plaintiffs' remaining state law counts – including breach of contract, negligence, breach of fiduciary duty, fraud, negligent supervision, and multiple alleged violations of the Virginia Securities Act – because such claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

14. Indeed, the Regal Defendants submit that Plaintiffs' state law counts "derive from a common nucleus of operative fact" as the federal counts. *Hui Kun Li v. Shuman*, No. 5:14-CV-00030, 2015 WL 3766182, at *5 (W.D. Va. June 16, 2015) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966)).

3

## DIVERSITY OF CITIZENSHIP

15. As alleged in the Complaint, Plaintiffs are all residents of the Commonwealth of Virginia. *See* **Ex. A**, Compl. at ¶¶ 4-7.

16. Plaintiffs acknowledge that Defendant RIA is a limited liability company organized under the laws of the State of Michigan with its principle place of business in Michigan. *See id.* at ¶¶ 9-10.

17. Defendant RIA has three members, two of whom are residents of the State of Michigan and one of whom is a resident of the State of Florida. No member of Defendant RIA resides in the Commonwealth of Virginia.

18. Upon information and belief, Co-Defendant Barnes is a resident of the State of North Carolina. *See id.* at ¶ 15.

19. Defendant Kailunas is a resident of the State of Florida.

20. Defendants Yarch and Tassoni are residents of the State of Michigan.

21. At the time of filing of the State Court Action, no Defendant was a citizen of the Commonwealth of Virginia.

22. Currently, no Defendant is a citizen of the Commonwealth of Virginia.

23. Accordingly, complete diversity of citizenship exists between Plaintiffs and Defendants. *See* 28 U.S.C. § 1332(c)(1).

## AMOUNT IN CONTROVERSY

24. In the Complaint, Plaintiffs seek damages from Defendants in excess of $1,808,802.00. *See* **Ex. A**, Compl. at *ad damnum*.

25. Accordingly, the $75,000 amount-in-controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a).

### CONSENT OF PROPERLY SERVED CO-DEFENDANT

26. To remove the State Court Action, pursuant to 28 U.S.C. § 1446, the Regal Defendants are required to obtain the consent of "all defendants who have been properly joined and served." 28 U.S.C. § 14416(b)(2)(A).

27. The Regal Defendants submit that consent by Co-Defendant Barnes is not necessary to proceed with removing the State Court Action to this Court because, upon information and belief, Co-Defendant Barnes has not yet been properly served with process.

28. Regardless, upon information and belief, if Co-Defendant Barnes had been properly served with process in this matter, he would consent to the removal of the State Court Action to this Court.

### NOTICE TO PLAINTIFF AND STATE COURT

29. In compliance with 28 U.S.C. § 1446(d), the Regal Defendants submit that, promptly after filing this Notice of Removal, it will provide a copy and written notice of such filing to Plaintiffs and will promptly file the same with the Circuit Court for Albemarle County, Virginia. The written notice of removal to the Circuit Court for Albemarle County, Virginia, will substantially conform to the document attached hereto as **Exhibit B**.

WHEREFORE, Defendants Regal Investment Advisors LLC, John A. Kailunas, II, Brian Yarch, James C. Tassoni, hereby remove the State Court Action to the United States District Court for the Western District of Virginia, Charlottesville Division; and respectfully request that this Court assume jurisdiction of this civil action, and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Date: December 23, 2016

Respectfully submitted,

**REGAL INVESTMENT ADVISORS LLC;**

**JOHN A. KAILUNAS, II;**
**BRIAN YARCH; and**
**JAMES C. TASSONI**,

*By counsel*


*/s/ Stephen M. Faraci, Sr.*
Stephen M. Faraci, Sr. (VSB No. 42748)
LECLAIRRYAN, A PROFESSIONAL CORPORATION
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
Phone: (804) 545-1516
Fax:     (804) 545-2556
Email: steve.faraci@leclairryan.com

Alexander R. Green (VSB No. 83937)
*(Application Pending)*
LECLAIRRYAN, A PROFESSIONAL CORPORATION
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Phone: (703) 647-5976
Fax:     (703) 647-5988
Email: alexander.green@leclairryan.com

*Counsel for Defendants Regal Investment Advisors LLC, John A. Kailunas, II, Brian Yarch, and James C. Tassoni*

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December, 2016, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all authorized users, and was sent via electronic and first class mail, postage prepaid, to the following:

David W. Thomas (VSB No. 73700)
Jordan E. McKay (VSB No. 80681)
MICHIEHAMLETT PLLC
500 Court Square, Suite 300
P.O. Box 298
Charlottesville, Virginia 22902
Phone: (434) 951-7200
Fax: (434) 951-7218
Email: dthomas@michiehamlett.com
Email: jmckay@michiehamlett.com

David Oberg (VSB No. 85105)
JONES OBERG & GREEN, LLP
917 East Jefferson Street
Charlottesville, Virginia 22902
Email: doberg@jonesandgreen.com

*Counsel for Plaintiffs*
*(via electronic and regular mail)*

James Martin Barnes
3909 Nottaway Road
Durham, North Carolina 27707

*Co-Defendant*
*(via regular mail)*

/s/ Stephen M. Faraci, Sr.
Stephen M. Faraci, Sr. (VSB No. 42748)
LECLAIRRYAN, A PROFESSIONAL CORPORATION
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
Phone: (804) 545-1516
Fax: (804) 545-2556
Email: steve.faraci@leclairryan.com

*Counsel for Defendants Regal Investment Advisors LLC, John A. Kailunas, II, Brian Yarch, and James C. Tassoni*