CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 28 2017

JULIA C. DUDLEY, CLERK
BY: /s/ 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

ROLAND H. SIMON, et al., )
)
    Plaintiffs, ) Civil Action No. 3:16CV00090
)
v. ) **MEMORANDUM OPINION**
)
REGAL INVESTMENT ADVISORS ) Hon. Glen E. Conrad
LLC, et al., ) Chief United States District Judge
)
    Defendants. )

Plaintiffs Roland H. Simon, Carlos R. Ayers, Earl Richard Brownlee, II, and Jan Main Thomas filed this action against Regal Investment Advisors LLC ("RIA") and four individual defendants in the Circuit Court for the County of Albemarle, seeking monetary damages for alleged violations of state and federal law. RIA and three of the individual defendants (collectively, the "Regal Defendants") removed the case to this court on the grounds of federal question and diversity jurisdiction. The plaintiffs have moved to remand the case to state court on the basis that the fourth individual defendant, James Martin Barnes, did not timely consent to removal. The court held a hearing on the plaintiffs' motion to remand on March 22, 2017. For the following reasons, the court will grant the motion and remand the case to state court.

## Background

The plaintiffs are retired employees of the University of Virginia. In the 1980s, Barnes introduced himself to the plaintiffs as a University-approved financial advisor. Each of the plaintiffs became a client of Barnes and allowed him to manage their retirement accounts. In 2014, while working for RIA, Barnes allegedly defrauded the plaintiffs by convincing them to invest in a North Carolina site development and construction company known as Triton Sitework Development ("Triton"). Unbeknownst to the plaintiffs, Barnes was a part owner of Triton, and

the company was "already undergoing bankruptcy" at the time Barnes convinced them to invest in it. Compl. ¶ 54, Docket No. 1-1. As a result of Barnes' actions, the plaintiffs "lost the entirety of their principal investment totaling $1,808,802," as well as the "income stream" promised by Barnes. Id. at ¶ 72.

In November of 2016, the plaintiffs filed suit against the Regal Defendants and Barnes in the Circuit Court for the County of Albemarle, asserting claims for breach of contract, negligence, breach of fiduciary duty, fraud, and violations of state and federal securities laws. At the time the action was filed, none of the defendants resided in Virginia. Accordingly, on November 30, 2016, the plaintiffs served the defendants through the Secretary of the Commonwealth, pursuant to Virginia Code § 8.01-329(C). On December 1, 2016, the Secretary of the Commonwealth forwarded the complaint and summons by certified mail to the defendants. The Regal Defendants, each of whom resides in Michigan, received the certified mail on or around December 6, 2016. On December 16, 2016, the Secretary of the Commonwealth filed Certificates of Compliance in the Circuit Court, which triggered the defendants' time to file responsive pleadings under § 8.01-329(C).

On December 23, 2016, the Regal Defendants removed the case to this court. In their notice of removal, the Regal Defendants alleged, "upon information and belief," that Barnes had "not yet been properly served with process." Notice of Removal ¶ 27, Docket No. 1. They further alleged, "upon information and belief," that even if Barnes had been properly served with process, "he would consent to the removal of the State Court Action to this Court." Id. at ¶ 28.

On January 23, 2017, the plaintiffs timely moved to remand, asserting that Barnes had been properly served with process, and that the removal was procedurally defective for lack of consent by all defendants. See 28 U.S.C. § 1447 ("A motion to remand the case on the basis of any defect

other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

On January 26, 2017, the Regal Defendants filed a "notice of Barnes' consent to removal and supplemental notice of removal." Supp'l Notice, Docket No. 17. The supplemental notice was accompanied by a January 26, 2017 email from an attorney in North Carolina expressing Barnes' consent.[1] See Supp'l Notice Ex. A, Docket No. 17-1 ("As NC Counsel for Defendant James Martin Barnes, please accept this email as his consent to the removal of this matter to US District Court for the Western District of Virginia, Charlottesville Division.").

The plaintiffs subsequently moved to strike the supplemental notice on the basis that it was filed more than 30 days after Barnes was served with process. In response to the plaintiffs' filing, the Regal Defendants submitted an affidavit from Barnes, in which he explained that he was not currently residing at the address in Durham, North Carolina where the summons and complaint had been mailed. Barnes asserted that he came into possession of the summons on December 24, 2016, but did not receive a copy of the complaint until December 28, 2016. Barnes Affid. ¶¶ 5-7, Docket No. 28-1.

The plaintiffs subsequently requested and obtained leave to depose Barnes regarding the statements contained in his affidavit. On March 17, 2017, three days before the scheduled deposition, the Regal Defendants filed a corrected affidavit from Barnes. In the corrected affidavit, Barnes explained that his sister was residing at the address in Durham where the summons and complaint had been mailed. On December 24, 2016, while visiting his sister, Barnes was given a stack of mail that had been sent to her residence. However, Barnes did not open the mail at that time. Over the next few days, Barnes received additional items that had been

---

[1] Although Barnes received assistance from an attorney in North Carolina, he is currently proceeding pro se.

mailed to his sister's address. On December 28, 2016, Barnes opened a package that contained the complaint filed in the Circuit Court for the County of Albemarle. Barnes indicated in the corrected affidavit that he does "not know when the summons or complaint first came into [his] possession." Barnes Corrected Affid. ¶ 14, Docket No. 32-1. At the conclusion of the corrected affidavit, Barnes noted that he had suffered a series of debilitating losses in recent years, which had led him to seek treatment from physical and mental health care providers. Barnes also stated that he "did and do[es] consent to the removal" of the action to federal court. Id. at ¶ 20.

Barnes was deposed on March 20, 2017. During the deposition, Barnes initially testified that the envelope containing the summons and complaint was "physically handed" to him on December 24, 2016. Barnes Dep. 45 Docket No. 34; see also id. at 45-46 ("I received both documents on the same day, opened and read both documents four days later, on the 28th."). However, Barnes later testified that he was not absolutely certain as to when he received the summons and complaint. See id. at 74-75 ("When I was asked by my attorney, . . . [m]y answer to her was no, I can't swear definitively that I had received that package . . . on December 24th. I can't."). He made clear, however, that the summons and complaint were contained in the same envelope, and that he received them on the same day. See id. at 45 ("I didn't receive [the summons and complaint] on two separate days. I received both documents on the same day."); Id. at 50 (indicating that "the envelope" containing the summons and complaint was given to him on the 24th of December, but that he did not "open[] it" until the 28th") (emphasis added); Id. at 78 (discussing when he became aware of "the existence of the package" and "the contents contained within that package") (emphasis added). At the conclusion of his deposition, Barnes reiterated that he "want[s] [the case] to be in federal court." Id. at 84.

4

## Standard of Review

"Federal courts are courts of limited jurisdiction," which "possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Accordingly, the court must "presume that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." Barbour v. Int'l Union, 640 F.3d 599, 605 (4th Cir. 2011) (en banc) (abrogated in part on other grounds by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (Dec. 7, 2011)).

"Removal statutes, in particular, must be strictly construed, inasmuch as the removal of cases from state to federal court raises significant federalism concerns." Id.; see also Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (noting that federal courts "are obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated") (internal quotation marks omitted). Thus, any doubts about the propriety of removal should be resolved against the federal forum and in favor of remanding the case to state court. Barbour, 640 F.3d at 605; see also Palisades Collections LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008) (emphasizing that courts have a "duty to construe removal jurisdiction strictly and resolve all doubts in favor of remand"); Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993) (recognizing "Congress' clear intention to restrict removal and to resolve all doubts about the property of removal in favor of retained state court jurisdiction").

## Discussion

In this case, the parties' dispute regarding the propriety of removal boils down to two issues: (1) whether Barnes properly consented to removal; and (2) if not, whether this procedural defect should be deemed cured in light of Barnes' expressed desire to litigate the case in federal court. The court addresses each of these issues in turn and concludes that remand is warranted.

5

I.   **Adequacy of Barnes' Consent**

Section 1441(a) of Title 28 of the United States Code provides that "the defendant or the defendants" may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Section 1446 of Title 28 describes the appropriate removal procedure to invoke federal jurisdiction." Barbour, 640 F.3d at 605. This statute, which was amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JCVA"), provides, in pertinent part, as follows:

> (b) Requirements; generally. – (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ;
>
> (2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>
> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

28 U.S.C. § 1446(b).

The 2011 amendments codified the well-established "rule of unanimity" applicable to cases involving multiple defendants, which requires that all defendants join in or consent to removal. See id; see also Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 259 (4th Cir. 2013) ("The Supreme Court has construed [§§ 1441 and 1446 of Title 28] to require all defendants in a case to join in or consent to removal, creating the so-called 'rule of unanimity.'") The amendments also resolved a circuit split as to when the 30-day removal period begins to run in multi-defendant cases in which the defendants are not served at the same time. Prior to the

enactment of the JCVA, the United States Court of Appeals for the Fourth Circuit adopted a rule that "require[d] a notice of removal to be filed within the first-served defendant's thirty-day window." Barbour, 640 F.3d at 607 (reaffirming its adherence to the rule articulated in McKinney v. Board of Trustees of Maryland Community College, 955 F.2d 924 (4th Cir. 1992)). However, the 2011 amendments "overruled Barbour and McKinney on this point," and adopted the last-served defendant rule, under which "[e]ach defendant has thirty days from the date of service to file a notice of removal." Moore v. Svehlak, No. ELH-12-2727, 2013 U.S. Dist. LEXIS 97329, at *37 (D. Md. July 11, 2013).

As other courts have recently noted, "the amended statute does not address the form consent must take. Neither does it expressly address when consent must be filed if separate from the notice of removal." Gates at Williams-Brice Condo. Ass'n v. Quality Built, LLC, No. 3:16-cv-02022-CMC, 2016 U.S. Dist. LEXIS 12380, at *11 (D.S.C. Sept. 7, 2016); see also Griffioen v. Cedar Rapids & Iowa City Ry. Co., 785 F.3d 1182, 1187 (8th Cir. 2015) ("The 2011 amendments to § 1446 that codified the rule of unanimity did not describe the form of or time frame for consent when multiple defendants are involved.").

### A. Original Notice of Removal

Against this backdrop, the court must first consider whether the original notice of removal filed by the Regal Defendants complied with the rule of unanimity codified in § 1446(b)(2)(A). As summarized above, the original notice alleged, "upon information and belief," that if Barnes had been properly served with process, "he would consent to the removal of the State Court Action to this Court." Notice of Removal at ¶ 28.

In Mayo v. Board of Education of Prince George's County, 713 F.3d 735, 742 (4th Cir. 2013), the Fourth Circuit held that the rule of unanimity does not require that "each of the defendants sign the notice of removal or file a separate notice of removal complying with §

7

1446(b)." Instead, "a notice of removal signed and filed by an attorney for one defendant representing <u>unambiguously</u> that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal."[2] Id. (emphasis added). Since the removing defendants in Mayo expressly stated in the notice of removal that they had consulted with the nonremoving defendant and that the nonremoving defendant had consented to the removal, the Fourth Circuit concluded that "the removal was effective," and thus that "the district court did not err in declining to remand the case to state court." Id. at 740, 742.

Unlike the notice of removal in Mayo, the Regal Defendants' original notice included no indication, much less an unambiguous representation, that their attorneys were acting on behalf of or with the consent of Barnes. Merely alleging "upon information and belief" that a nonremoving defendant "would consent to the removal" is not the same as expressly stating that he had, in fact, consented. Notice of Removal at ¶ 28; see Anne Arundel County v. United Pac. Ins. Co., 905 F. Supp. 277, 279 (D. Md. 1995) (holding, prior to Mayo, that the removing defendants failed to satisfy the unanimity requirement by alleging, upon information and belief, that another defendant did not object to the petition for removal). Because all of the defendants did not unambiguously join in the original notice of removal, that notice, by itself, is not sufficient to satisfy the rule of unanimity.

B.   **Supplemental Notice**

On January 26, 2017, the Regal Defendants filed a supplemental notice expressing Barnes' consent to removal. The plaintiffs argue that the supplemental notice is ineffective because the

---

[2] In Mayo, the Fourth Circuit interpreted the pre-amendment version of 28 U.S.C. § 1446. Mayo, 713 F.3d at 740. However, the Court noted that its reasoning would have been the same even if it were analyzing the current version of the statute. Id. at 741 n.1.

defendants are unable to prove that it was filed within 30 days from the date on which Barnes was served with process. For the following reasons, the court agrees.

Prior to the 2011 amendments to § 1446, the Fourth Circuit held that "individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition." McKinney, 955 F.2d at 928; see also Barbour, 640 F.3d at 612 n.4 (noting that "once a timely petition [i]s filed within the initial thirty-day window, each later-served defendant should have thirty-days from the date of service in which to join the petition for removal, because § 1446 allows each defendant thirty days in which to act"). Although "Barbour and McKinney were legislatively overruled with respect to whether the date of service on the first-served defendant triggered the window for filing of the Notice of Removal," they "were not overruled with respect to the deadline for other defendants to join a Notice of Removal." Moore, 2013 U.S. Dist. LEXIS 97329, at *39. As Judge Hollander explained in Moore,

> a healthy respect for circuit precedent would suggest that Barbour and McKinney should be considered overruled only to the extent that they are incompatible with the JVCA. In this regard it is noteworthy that the House Judiciary Committee Report on the JVCA indicates that the amendments to § 1446(b)(2) were simply intended to resolve the circuit split regarding "determining the date on which the 30-day period begins to run." Report at 13. Nothing in the JVCA suggests that Congress wished to provide an open-ended time for removal. To the contrary, the JVCA directs that each defendant is entitled to a thirty-day period after being served, and the House Judiciary Committee Report states that the JVCA is not intended to "allow an indefinite period for removal." Report at 14.

Id. at *39-40.

This court, as have others in the Fourth Circuit, finds Judge Hollander's reasoning persuasive. See Gates at Williams-Brice Condo. Ass'n v. Quality Built, LLC, No. 3:16-cv-02022-CMC, 2016 U.S. Dist. LEXIS 120380, at *19 (D.S.C. Sept. 7, 2016) (Currie, J.); White v. Liberty Mut. Fire Ins., No. MJG-16-579, 2016 U.S. Dist. LEXIS 57928, at *3 (D. Md. May 2, 2016) (Garbis, J.). Consistent with these decisions, the court concludes that a later-served

defendant has thirty days from the time he is served with the initial pleading to either consent to an existing notice of removal or file his own notice of removal with the consent of the earlier-served defendants.[3]

In this case, Barnes has not filed his own notice of removal and the time for doing so has clearly expired. See 28 U.S.C. § 1446(b)(2)(B). Moreover, the Regal Defendants are unable to establish that he consented to their notice of removal within thirty days of being served with the initial pleading. See Westwood v. Fronk, 177 F. Supp. 2d 536, 542 (N.D. W. Va. 2001) ("The petitioning defendants bear the burden of establishing compliance with the requirements of the removal statute, including the requirements of the joinder or timely consent of all defendants.").

Courts in the Western District of Virginia have "agreed with the overwhelming majority of other courts that, where a defendant is served through a statutory agent, the removal period starts when the defendant actually receives a copy of the complaint." PurAyr, LLC v. Phocatox Techs., LLC, No. 5:16-cv-00047, 2016 U.S. Dist. LEXIS 169610, at *6 (W.D. Va. Dec. 8, 2016) (Dillon, J.) (citing White v. Lively, 304 F. Supp. 2d 829, 831 (W.D. Va. 2004) (Jones, J.); see also Gordon v. Hartford Fire Ins. Co., 105 F. App'x 476, 480 (4th Cir. 2004) (unpublished) ("The time for removal begins when 'the defendant actually has received a copy of the complaint.'") (quoting Lilly v. CSX Transp., Inc., 186 F. Supp. 2d 672, 673 (S.D. W. Va. 2002)). This court finds no reason to deviate from these prior decisions. Accordingly, Barnes had thirty days from when he

---

[3] As other courts have noted, this conclusion appears to be consistent with the Fourth Circuit's decision in Mayo. See Gates, 2016 U.S. Dist. LEXIS 120380, at *19; Moore, 2013 U.S. Dist. LEXIS 97329, at *41. In that case, the Fourth Circuit was presented with two potential forms of consent, the removing defendants' unambiguous statement in the notice of removal that their codefendant consented to removal and the codefendant's own written indication of consent, which was filed more than 30 days after it was served with the complaint. See Mayo, 713 F.3d at 740, 742 & n.2. The plaintiffs argued that the latter could not be relied upon to satisfy the unanimity requirement, since it was untimely. Id. at n.2. "Although the Fourth Circuit did not expressly resolve the plaintiffs' argument, it relied, tellingly, on the attestation of the removing defendant[s'] counsel in the notice of removal, rather than the subsequent separate consent, to hold that the rule of unanimity had been satisfied." Moore, 2013 U.S. Dist. LEXIS 97329, at *42; see also Mayo, 713 F.3d at 742. "Thus, while only an inference, the Fourth Circuit appears either to have considered the [subsequent consent] untimely or at least to have presented the closer question." Gates, 2016 U.S. Dist. LEXIS 120380, at *20 n.12.

actually received a copy of the initial pleading to consent to the Regal Defendants' notice of removal.

The Regal Defendants filed the supplemental notice of Barnes' consent to removal on January 26, 2017. During his deposition, Barnes initially testified that he was "physically handed" the envelope containing the summons and complaint on December 24, 2016. Barnes Dep. 45. Barnes later indicated, as he did in his corrected affidavit, that he could not say with absolute certainty when he received the summons and complaint.[4] Id. at 74-75; Barnes Corrected Affid. ¶ 14 ("I do not know when the Summons or Complaint first came into my possession."). Either way, in light of Barnes' sworn statements, the Regal Defendants are unable to establish that Barnes timely consented to their notice of removal.

## II. **Opportunity to Cure**

Because the Regal Defendants are unable to prove that Barnes consented to their removal in a timely manner, the removal is procedurally defective. See Gates, 2016 U.S. Dist. LEXIS 120380, at *9 (finding the "removal procedurally defective . . . because the consent was untimely"); Honey Holdings I, Ltd. v. Alfred L. Wolff, Inc., 81 F. Supp. 3d 543, 554 (S.D. Tex. 2015) ("'[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action.' The removal is procedurally defective if such consent is not timely obtained.") (quoting 28 U.S.C. § 1446(b)(2)(A)). When plaintiffs raise this procedural defect in a timely motion to remand, courts in the Fourth Circuit routinely conclude that remand is warranted. See Gates, 2016 U.S. Dist. LEXIS 120380, at *24-25; White, 2016 U.S. Dist. LEXIS 57928, at *4; Jacome de Espina v. Jackson, No. DKC 15-2059, 2015 U.S. Dist. LEXIS 140369, at *20 (D. Md. Oct. 15, 2015); Stevens v. Thornsbury, No. 2:13-cv-31719, 2014 U.S. Dist. LEXIS 112020, at *7

---

[4] As indicated above, it is beyond question that Barnes received the summons and complaint on the same day and that they were included in the same envelope.

11

(S.D. W.Va. Aug. 13, 2014); Bergmann v. Fannie Mae, No. 9:11-CV-00411, 2011 U.S. Dist. LEXIS 75867, at *7 (D.S.C. July 12, 2011); Bell v. Werner Enters., No. 5:11CV18, 2011 U.S. Dist. LEXIS 36978, at *13 (N.D. W. Va. Apr. 5, 2011); Unicom Sys., Inc. v. Nat'l Louis Univ., 262 F. Supp. 2d 638, 641 (E.D. Va. 2003); Fenton v. Food Lion, Inc., No. 3:02CV00017, 2002 U.S. Dist. LEXIS 15879, at *18 (W.D. Va. Aug. 23, 2002) (Michael, J.).

In this case, the Regal Defendants urge the court to take a more flexible approach, and find that they cured the procedural defect by ultimately obtaining Barnes' consent to removal. They maintain that remand is not required as long as the defect related to the unanimity requirement is cured prior to the entry of summary judgment.

The Regal Defendants' argument in this regard is not without support from some decisions from other circuits. In Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 77 (1st Cir. 2009), the First Circuit declined to apply the unanimity requirement in a "wooden" manner. The Court held that "a technical defect in the removal process . . . was subsequently cured when Home Depot opposed Esposito's remand motion, thereby clearly communicating its desire to be in federal court."[5] Id. Since Esposito was decided, the Ninth Circuit has held that removing defendants may cure a defect pertaining to the unanimity requirement prior to the entry of judgment, as has the Fifth Circuit, albeit in an unpublished opinion. See Destfino v. Reiswig, 630 F.3d 952, 956-57 (9th Cir. 2011) ("All defendants who have been properly . . . served in the action must join a petition for removal. If this is not true when the notice of removal is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment.") (citation and internal quotation marks omitted); Stone v. Bank of New York

---

[5] The First Circuit nonetheless noted that by failing to strictly comply with the rule of unanimity, the defendants "ran the risk that the district court might find a breach of the unanimity requirement and remand [the] action to state court, a decision [the appellate court] would have been powerless to review." Esposito, 590 F.3d at 77; see also 28 U.S.C. § 1447(d) (providing, with limited exceptions, that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise").

Mellon, N.A., 609 F. App'x 979, 981 (11th Cir. 2015) ("A technical defect related to the unanimity requirement may be cured by opposing a motion to remand prior to the entry of summary judgment.").

The Regal Defendants have not cited, and the court has been unable to locate, any decisions from within the Fourth Circuit that would allow removing defendants to cure a defect related to the unanimity requirement any time prior to the entry of summary judgment. To the contrary, district courts in South Carolina, Maryland, and West Virginia have expressly refused to allow removing defendants to cure this procedural defect by filing the codefendant's consent outside the prescribed thirty-day period. See Gates, 2016 U.S. Dist. LEXIS 120380, at *23-24 (declining to follow the reasoning of Esposito and concluding that "there is no flexibility in the time allowed for consent so long as the party seeking remand raises the deficiency within thirty days of removal"); Stevens, 2014 U.S. Dist. LEXIS 11202, at *8 (holding that "[t]he error in not obtaining [a codefendant's timely] consent is incurable because the thirty-day filing requirements of § 1446 are mandatory") (citation and internal quotation marks omitted); Easter-Green v. Verizon Md., LLC, No. MJG-14-1040, 2014 U.S. Dist. LEXIS 100762, at *13-15 & n.9 (D. Md. July 23, 2014) (holding that the removing defendants could not cure a defective removal petition by obtaining the untimely consent of a nonremoving defendant).

After reviewing existing caselaw, this court also finds the out-of-circuit decisions cited by the Regal Defendants unpersuasive. As Judge Curry explained in Gates:

> This is, in part, because imposing a strict thirty-day deadline to raise procedural defects as a basis for remand is implicitly inconsistent with allowing the removing parties an open-ended deadline for meeting the procedural requirements. Excusing delay because it is short is also inconsistent with the various thirty-day deadlines included in the statute and the Fourth Circuit's long-standing practice of requiring consent within thirty days of the relevant trigger event.

Gates, 2016 U.S. Dist. LEXIS 120380, at *24 (citing McKinney, 955 F.2d at 928).

For the reasons identified in Gates, the court likewise concludes that the removing defendants' failure to obtain timely unanimous consent is not a curable defect if the plaintiff raises the deficiency within thirty days of removal. This conclusion comports with the admonitions from the Supreme Court and the Fourth Circuit that courts "should construe removal statutes narrowly," in light of significant federalism concerns. Barbour, 640 F.3d at 613; see also Hartford Fire Ins. Co., 736 F.3d at 259 ("The rule of unanimity is consistent with our obligation to construe removal jurisdiction strictly because of the significant federalism concerns implicated.") (citation and internal quotation marks omitted). It is also supported by the well-established principle that any "doubts about the propriety of removal should be resolved in favor of remanding the case to state court." Barbour, 640 F.3d at 613.

## Conclusion

For the reasons stated, the court concludes that the removal from state court is procedurally defective since the Regal Defendants are unable to prove that Barnes consented to the removal within the requisite thirty-day period. Because the plaintiffs raised this deficiency in a timely manner, it cannot be cured and the case must be remanded to state court. Accordingly, the court will grant the plaintiffs' motion to remand.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 28th day of April, 2017.

_____
Chief United States District Judge